Qinyu Fan, Esq.
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Fax: (718) 353-6288
Email: qfan@hanglaw.com
*Attorney for Plaintiffs and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Ji Zhuo Zhao and Jian Chang Lin, individually and on behalf of all other employees similarly situated,<br><br>       Plaintiffs,<br><br>     - against -<br><br>TWT 2016 Inc. d/b/a Dim Sum Dynasty, and Qian Zhang a/k/a "Judy" Zhang,<br><br>       Defendants. | Case No. 2:19-CV-19263<br><br>**COLLECTIVE ACTION**<br>**COMPLAINT** |

Plaintiffs Ji Zhuo Zhao and Jian Chang Lin ("Plaintiffs"), on their own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants TWT 2016 Inc. d/b/a Dim Sum Dynasty, and Qian Zhang a/k/a "Judy" Zhang (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.  This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, including kitchen workers, waiters, delivery drivers, delivery packagers, and all other non-exempt employees of the Defendants, alleging violations of the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A.§34:11-56 et seq. ("NJWHL" hereinafter), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, compensation for all hours worked, overtime compensation for all hours worked over forty (40) each week, and improper retention of tips.

3.     Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants:  (1)  unpaid minimum wages, (2) unpaid overtime wages,  (3) improper retention of tips, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6)  attorneys' fees and costs.

4.     Plaintiffs further allege pursuant to NJWHL that they are entitled to recover from the  Defendants: (1) unpaid minimum wages, (2) unpaid  overtime wages,  (3) improper retention of tips, (4) liquidated damages, (5) prejudgment  and  post-judgment  interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7.      Plaintiff Ji Zhuo Zhao (hereinafter Plaintiff "Zhao") is a resident of New York State and was employed by the Defendants' restaurant, TWT 2016, Inc., d/b/a Dim Sum Dynasty, (hereinafter "Dim Sum Dynasty") located at 53B Franklin Ave, Ridgewood, New Jersey 07450.

8.      Plaintiff Zhao was hired as a waiter, from February 2019 to September 17, 2019.

9.      Plaintiff Jian Chang Lin (hereinafter Plaintiff "Lin") is a resident of New York State and was employed by the Defendants' restaurant, TWT 2016, Inc., d/b/a Dim Sum Dynasty, (hereinafter "Dim Sum Dynasty") located at 53B Franklin Ave, Ridgewood, New Jersey 07450.

10.     Plaintiff Lin was hired as a waiter and a helper who helps packaging delivery, from September 18, 2018 to February 28, 2019.

## DEFENDANTS

11.     Upon information and belief, Defendant, Dim Sum Dynasty had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Dim Sum Dynasty and handled goods moved in interstate commerce.

12.     Dim Sum Dynasty has about 15 employees. Among them are 4 kitchen workers, 5 waiters, 6 sushi chefs, 4 delivery drivers, and a delivery packager.

13.     Upon information and belief, Defendant Qian Zhang a/k/a "Judy" Zhang (hereinafter "Judy") is the officer, and/or managing agent of Dim Sum Dynasty at 53B Franklin Ave, Ridgewood, New Jersey 07450, and participated in the day-to-day operations of Dim Sum Dynasty. He interviewed Plaintiffs and determined Plaintiffs' salary rate. During Plaintiffs'

employment in Dim Sum Dynasty, Judy supervised him, and handled Plaintiffs' payrolls. He personally paid Plaintiffs salaries all in cash.

14.     Upon information and belief, employees were constantly subject to Defendant Judy's unlawful retention of tips.

15.     Thus, Defendant Judy acted intentionally and maliciously in management and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, NJWHL §12:56-2.1 and the regulations thereunder. Therefore, Defendant Judy is jointly and severally liable with Dim Sum Dynasty.

16.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Dim Sum Dynasty.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned basic minimum hourly wages and overtime compensation, and made improper retention of employees' tips, in violation of the NJWHL.

18.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## STATEMENT OF FACTS

19.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

20.     Defendants knew that the nonpayment of basic minimum hourly wages and overtime compensation, and the improper retention of Plaintiffs' tips would financially injure Plaintiffs and similarly situated employees and violate state and federal laws.

21.     From February 2019 to September 17, 2019, Plaintiff Zhao was hired by

4

Defendants to work as a waiter for Defendants' restaurant business located at 53B Franklin Ave, Ridgewood, New Jersey 07450.

22.     Throughout his employment, Plaintiff Zhao worked 5 days a week. From Wednesday to Friday, Plaintiff Zhao has the same schedule. He would start working at 11:00 am and get off at 9:30 pm. On Saturday and Sunday, he would start working at 11:00 am, and get off at 10:00 pm. Plaintiff Zhao lives in Brooklyn, and there would be a car driving him and his coworkers from New York to the restaurant. Thus, Plaintiff Zhao worked Fifty-Three and a half (53.50) hours per week.

23.     At all relevant times, Plaintiff Zhao was paid at a fixed rate of $20 per day, regardless of his actual hours worked. Defendants paid Plaintiff Zhao biweekly in cash. Thus, Plaintiff Zhao's fixed salary rate was less than $2 per hour.

24.     From September 18, 2018 to February 28, 2019, Plaintiff Lin was hired by Defendants to work as a waiter and sometimes helped packaging deliveries, for Defendants' restaurant business located at 53B Franklin Ave, Ridgewood, New Jersey 07450.

25.     Throughout his employment, Plaintiff Lin worked 5 days a week taking Tuesday and Thursday off. And for every work day, Plaintiff Lin has the same schedule. He would start working at 11:00 am, and get off at 10:00 pm. Plaintiff Lin lives in Brooklyn, and there would be a car driving him and his coworkers from New York to the restaurant. Thus, Plaintiff Lin worked Fifty-Three and a half (55) hours per week.

26.     Upon information and belief, at all relevant times, Plaintiff Lin was paid at a fixed rate of $20 per day for work as a water, and $20 to $30 per day for work as a helper, regardless of his actual hours worked. Defendants paid Plaintiff Lin biweekly in cash. Thus, Plaintiff Lin's fixed salary rate was around $4 per hour.

27.    Upon information and belief, from December 15, 2018 until Plaintiff Lin left his job on February 28, 2019, Defendants refused to pay Plaintiff Lin salaries for his work as a helper packaging delivery on Saturday and Sunday. Therefore, for Friday, Saturday and Sunday, from December 15, 2018 to February 28, 2019, Plaintiff was only paid $20 instead of $40 to $50 per day.

28.    Upon information and belief, Plaintiff Lin was dissatisfied with the tips deduction and wage deduction. He felt that he was underpaid. Therefore, Plaintiff left his position on February 28, 2019.

29.    Plaintiffs could usually get $100 in tips per day from the cashier. 90% of the tips come from credit card payment. Except for the small amount of cash tips, most of the tips Plaintiffs got were calculated and given to them by the Cashier. Thus, Plaintiffs never knew about the actual amount of the tips they got every day.

30.    Absent any mutual agreement, those tips were tip credits could not be made towards their salary. There was no tip pool in Dim Sum Dynasty either. However, without any agreement, Defendant Judy would ask waiters to give him 50% of the tips they get.

31.    Upon information and belief, employees were constantly subject to Defendant Judy's unlawful retention of tips. Whenever there was only one waiter in the restaurant, Judy would ask waiters to hand over half of the tips they get for that day. If Judy failed to do so because of the waiter's rejection, on next day Judy would directly withhold that amount from tips the same waiter gets.

32.    Plaintiff Zhao had an argument with Defendant Judy objecting to his unlawful retention of tips in August, when the retention of tips happened more and more frequently since June.

33.     In early September, Judy called a meeting on a Sunday when everyone was present in the restaurant, to discuss about next week's work schedule. During the meeting, Judy asked a waiter, "Xi", who had surrendered his tips once before, to hand over his next week's tips again. This time, "Xi" refused to. Defendant Judy said to everyone that, if they refuse to hand over half of their tips to him, he would "find someone else to replace" them.

34.     On or around September 10, 2019, Plaintiff Zhao had another fight with Defendant Judy because again Judy asked him to hand over half of the tips he got, and Plaintiff Zhao refused to do so. They had an argument regarding the tips retention for the second time.

35.     On September 17, Plaintiff Zhao was fired.

36.     Defendants did not count or compensate Plaintiff Zhao for minimum wages or overtime wages according to state and federal laws.

37.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

38.     While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

39.     Defendants did not provide Plaintiffs and other employees with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. Neither any agreement of the 50% tip reduction was reached.

40.     Defendants committed the foregoing acts against the Plaintiffs, and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

41.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in violation of the FLSA and NYWHL and the supporting federal and New Jersey State Department of Labor Regulations.

42.     Plaintiffs bring this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

43.     Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than Ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

44.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment

law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

45.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

46.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

47.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

d. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

48.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

49.     Plaintiffs and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## STATEMENT OF CLAIM

### COUNT I

**[Violations of the Fair Labor Standards Act—Overtime Wages
Brought on behalf of Plaintiffs and the FLSA Collective]**

50.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

51.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

52.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

53.     Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pays violated the FLSA.

54.     Here, Plaintiff Zhao worked fifty-three and a half (53.5) hours a week from February 2019 to September 17, 2019. At all relevant times, Plaintiff Zhao was paid at a fixed rate of $20 per day regardless of the actual number of hours he worked every day.

55.     Plaintiff Lin worked fifty-five (55) hours a week from September 18, 2018 to February 28, 2019. At all relevant times, Plaintiff Lin was paid at a fixed rate of $40 to $50 in total per day regardless of the actual number of hours he worked every day.

56.     Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

57.     The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

58.     Defendants willfully failed to notify Plaintiffs and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

59.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs and Collective Action members. Therefore, Plaintiffs and the FLSA collection shall

recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

## COUNT II

### [Violations of the NJWHL—Overtime Wages
### Brought on behalf of Plaintiffs]

60.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

61.     NJWHL 12:56-6.1 provides that, for each hour of working time in excess of 40 hours in any week, except for those exemptions set forth in N.J.S.A. 34:11-56a4 or as provided in N.J.A.C. 12:56-7.1, every employer shall pay to each of his or her employees, wages at a rate of not less than 1 and ½ times such employee's regular hourly wage.

62.     Defendants' failure to pay Plaintiffs their overtime wages required by law violated the NJWHL.

63.     Here, as discussed above, Plaintiff Zhao worked 53.5 hours a week from February 2019 to September 17, 201. At all relevant times, Plaintiff Zhao was paid at a fixed rate of $20 per day regardless of the actual number of hours he worked every day.

64.     As discussed above, Plaintiff Lin worked fifty-five (55) hours a week from September 18, 2018 to February 28, 2019. At all relevant times, Plaintiff Lin was paid at a fixed rate of $40 to $50 in total per day regardless of the actual number of hours he worked every day.

65.     Therefore, at all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the NJWHL.

66.     The NJWHL and supporting regulations required employers to notify employees of employment law requirements. NJWHL 8:43E-8.6 et seq.

67.     Defendants willfully failed to notify Plaintiffs of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' labor.

68.     Defendants knowingly and willfully disregarded the provisions of the NJWHL as evidenced by their failure to compensate Plaintiffs the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs. Therefore, Plaintiffs shall recover from Defendants their unpaid overtime wages, and in an additional equal amount as liquidated damages.

## COUNT III

### [Violations of the Fair Labor Standards Act—Improper Retention of Tips/Gratuities Brought on behalf of the Plaintiffs and the FLSA Collective]

69.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

70.     29 USC §203 (m) (2) (b) provides that, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

71.     According to Fact Sheet #15 Tipped Employees Under the Fair Labor Standards Act (FLSA) published by U.S. Department of Labor ("DOL" hereinafter), Wage and Hour division, "A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit. The FLSA prohibits any arrangement between the employer and the tipped

employee whereby any part of the tip received becomes the property of the employer. For example, even where a tipped employee receives at least $7.25 per hour in wages directly from the employer, the employee may not be required to turn over his or her tips to the employer." It then provides an exception to that, "the requirement that an employee must retain all tips does not preclude a valid tip pooling or sharing arrangement among employees who customarily and regularly receive tips. The FLSA does not impose a maximum contribution amount or percentage on valid mandatory tip pools. The employer, however, must notify tipped employees of any required tip pool contribution amount, may only take a tip credit for the amount of tips each tipped employee ultimately receives, and may not retain any of the employees' tips for any other purpose."

72.    Although DOL published the above regulation in 2011 asserting as a general rule that, tips were the exclusive property of the employees, federal judicial circuits split on whether to treat 29 USC §203(m)(2) as an independent rule, or solely as a condition for employers to satisfy in order to make tips "tip credits" to satisfy one part of the minimum wage requirement. Some federal courts alleged that, there was no cause of action for improper retention of tips claims under FLSA because, Section 203(m) imposes conditions on taking a tip credit and does not state freestanding requirements pertaining to all tipped employees. In this way, some federal courts treated tip reduction requirement solely as a condition for employers to satisfy in support of their FLSA minimum wage claims and they do not consider tip reduction as a valid independent cause of action. However, not to mention DOL published their "final rule" in 2011 after the publication of the amended FLSA, Congress published Consolidated Appropriations Act 2018 in March, 2018 (115 Public Law 141), Title XII of which was "Tipped Employees" further clarifying Congress's legislative intent behind 29 U.S.C. 203(m)(2)(B).

73.    Under Title XII of Consolidated Appropriations Act 2018 ("Title XII" hereinafter),

14

Subsection (a) was titled as Prohibition on Keeping Tips, citing, amending, and redesignating Section 29 U.S.C. 203(m). The only purpose of such amendment and redesignation was to make it a separate paragraph emphasizing that, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

74.   Title XII (b) specifies penalties and remedies to tip reduction claims by amending 29 US 216(b) to include that, 1) "any employer who violates section 3(m)(2)(B) shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages", 2) "the authority and requirements described in this subsection shall apply with respect to a violation of section 3(m)(2)(B)…", and 3) "any person who violates section 3(m)(2)(B) shall be subject to a civil penalty not to exceed $1,100 for each such violation, as the Secretary determines appropriate, in addition to being liable to the employee or employees affected for all tips unlawfully kept, and an additional equal amount as liquidated damages, as described in subsection (b)."

75.   The new Title XII would moot the previous "Final Rule" published by DOL, and related CFR sections, which covered related issues but not addressed by section 3(m) of the FLSA.

76.   Therefore, according to Title XII, tips under FLSA cannot be improperly retained by employers unless a valid tip pooling or sharing arrangement exists.

77.   Here, during Plaintiffs' employment, there was no such tips pool. Absent any mutual agreement, those tips could not be made towards his salary. Neither was there any consent from Plaintiff Zhao or Lin that their tips could be withheld. Instead, Plaintiff Zhao argued with Defendant Zhang in the restaurant twice regarding tips, which directly led to his termination.

Plaintiff Zhao clearly told Defendants that, he was not willing to hand over tips his tips, nor was it acceptable taking his tips without his consent. Plaintiff Lin was also dissatisfied with tips reduction either.

78.     Thus, Plaintiffs shall be entitled to recovery of tips improperly retained by Defendants. Additionally, Plaintiffs shall be entitled to liquidated damages equal to this amount, according to 29 USC §216(b) as discussed above.

## COUNT IV

### [Violations of the Fair Labor Standards Act—Minimum Wages
### Brought on behalf of the Plaintiffs and the FLSA Collective]

79.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

80.     The FLSA requires employers of covered employees who are not otherwise exempt to pay these employees a minimum wage of not less than $7.25 per hour effective July 24, 2009.

81.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

82.     Here, from February 2019 to September 17, 2019, Plaintiff Zhao worked for fifty-three and a half (53.5) hours per week. However, he was paid at a fixed rate of $20 per day regardless of the number of hours he worked a day. Therefore, Plaintiff Zhao's average hourly wage was $1.87 (20x5/53.5).

83.     Similarly, from September 18, 2018 to February 28, 2019, Plaintiff Lin worked for fifty-five (55) hours per week. However, he was paid around $40 to $50 per day, and then $20 per day for Friday, Saturday and Sunday after December 15, 2018. Therefore, Plaintiff Lin's average

hourly wage was between $3.64 and $4.55, then $4.36 ((45*4+20*3)/55) after December 15, 2018.

84.    Thus, at all relevant times, Plaintiffs were paid below the FLSA minimum wage rate ($7.50 per hour).

85.    Defendants' failure to pay Plaintiffs at the required statutory minimum wage rate violates the FLSA.

86.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective at the statutory minimum wage rate violates when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members. Therefore, Plaintiffs and the FLSA collection shall recover from Defendants their unpaid minimum wages, and additionally an equal amount as liquidated damages.

87.    Despite of FLSA 3(m), FLSA has required that, "employers must provide the following information to a tipped employee before the employer may use the FLSA 3(m) tip credit: ... 5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions."

88.    Here, Plaintiffs were never informed of those tip credit provisions. Neither was there any agreement about tip credits. Therefore, tips received by Plaintiffs could not be considered as tip credits because during the entire employment, tips were excluded from wages, according to Plaintiffs' understanding.

**COUNT V**

**[Violations of the NJWHL—Minimum Wages
Brought on behalf of the Plaintiffs]**

89.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

90.     N.J.A.C. 12:56-3.1 provides the New Jersey State minimum wage rate, and the rate is adjusted every year. Pursuant to N.J.A.C. 12:56-3.1, in 2016, the minimum wage rate was 8.38; in 2017, the minimum wage rate was $8.44 per hour; On or after January 1, 2018 the minimum wage rate was $8.60 per hour."; and on or after January 1, 2019, and before July 1, 2019, the rate became $8.85 per hour.

91.     NJWHL also listed the state minimum wage rate for the last three years.

92.     Here, as stated above, from February 2019 to September 17, 2019, Plaintiff Zhao was paid at an hourly rate of $1.87, which is less than the required statutory hourly rate. Similarly, Plaintiff Lin was paid of an average hourly wage between $3.64 and $4.55, and then $4.36. Plaintiff Lin was paid below the statutory minimum wage as well.

93.     Thus, at all relevant times, Plaintiffs Zhao and Lin were paid below the New Jersey state minimum wage rate (as listed above).

94.     Defendants' failure to pay Plaintiffs at the required statutory minimum wage rate violates the NJWHL, and NJAC.

95.     Defendants knowingly and willfully disregarded the provisions of the NJWHL as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate violates when they knew or should have known such was due and that failing to do so would financially injure the Plaintiffs. Therefore, Plaintiffs shall recover from Defendants their unpaid minimum wages, and additionally an equal amount as liquidated damages.

## COUNT VI
### [Violation of FLSA — Retaliation
### Brought on behalf of the Plaintiff Zhao]

96.     Plaintiff Zhao re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

97.     Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act,… (29 U.S. Code § 215). And most courts have ruled that internal complaints to an employer are also protected. (U.S. Department of Label, Fact Sheet #77A).

98.     The majority rule adopted by United States Circuit Courts of Appeals allows informal, internal complaint to constitute protected activity under 29 USCS § 215(a)(3). *Hagan v Echostar Satellite*, L.L.C., 529 F3d 617 (5th Cir 2008). Here, Plaintiff Zhao's argument with Defendant Zhang, in front of everyone in the restaurant is protected and actionable activity under 29 USCS § 215(a)(3).

99.     Defendant Zhang had retaliatory motive because he announced his threats in staff meeting on a Sunday at the beginning of September, i.e., He would fire them if they refuse to share their earned tips with Defendant Zhang.

100.     A causal link exists because in August Plaintiff Zhao had an argument with Defendant Zhang. Zhang then made threats at the beginning of September. Right after Plaintiff Zhao made another argument with Defendant Zhang refusing to hare tips with Zhang, Plaintiff Zhao was discharged.

101.     Thus, Plaintiff's position was wrongfully terminated because Defendant Zhang believed that Plaintiff had made or was about to make complaint regarding his illegal retention of

Plaintiff's tips.

102.    Therefore, Defendants' discharge of Plaintiff was a retaliation, and violated 29 USCS § 215(a)(3).

103.    Due to the Defendants' retaliation under 29 USCS § 215(a)(3), Plaintiff is entitled to recover from the Defendants damages to be determined at trial.

**COUNT VII**
**[Violation of FLSA — Illegal Wage Deduction**
**Brought on behalf of the Plaintiff Lin]**

104.    20 CFR Part 655 of the FLSA provides that, whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or free and clear. Employers may not make deductions from a worker's pay if such deductions bring the pay below the federal minimum wage. Even if eventually paid to the employee, money withheld during the course of the employee's employment cannot count towards the employer's obligations under the FLSA. This rule applies with equal force to bonuses--money withheld by the employer during the course of employment which is to be paid to the employee at the end of his or her service--if the withheld money brings the employee's regular pay below the minimum wage.

105.    Here, Plaintiff Lin was paid in total $40 to $50 per day for his work as a waiter and a helper. After December 15, 2018, Plaintiff continued doing the same work. However, he was not paid for his work for being a helper on Friday, Saturday, and Sunday. Such deductions bring Plaintiff Lin's pay ($4.36 as mentioned above) below the federal minimum wage. Thus, Defendants illegally deducted Plaintiff Lin's wage from December 15, 2018 to February 28, 2019.

106.    Therefore, Defendants' illegal deduction of Plaintiff Lin's wages violates the

FLSA. Due to Defendants' illegal deduction in violation of the FLSA, Plaintiff Lin is entitled to recover from the Defendants his unpaid wages, and additionally an equal amount as liquidated damages.

### Prayer For Relief

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA collective, respectfully request that this court enter a judgment providing the following relief:

a)      Authorizing plaintiffs at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)      An injunction against TWT 2016, Inc., d/b/a Dim Sum Dynasty, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them

as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)      An award of unpaid overtime wages due under FLSA and NYWHL, whichever is greater;

g)      An award of unpaid minimum wages due under FLSA and NYWHL, and unpaid wage deductions, whichever is greater;

h)      An award of improperly retained tips or gratuities according to FLSA.

i)      An award of recovery from the Defendants damages to be determined at trial due to retaliation.

i)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

k)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to NJWHL;

k)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to 29 U.S.C. §207(a);

l)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages pursuant to NJWHL;

m)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL 34:11-56a25.;

n)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful retaliation pursuant to 29 USCS § 215(a)(3);

o)      The cost and disbursements of this action;

p)      An award of prejudgment and post-judgment fees;

22

and

q)      Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York                    HANG & ASSOCIATES, PLLC.

October 23, 2019                                   _____/s Qinyu Fan_____

                                                            Qinyu Fan, Esq.
                                                            136-18 39th Avenue, Suite 1003
                                                            Flushing, New York 11354
                                                            Tel: 718.353.8588
                                                            qfan@hanglaw.com
                                                            *Attorneys for Plaintiffs*

# EXHIBIT 1

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by TWT 2016 INC d/b/a Dim Sum Dynasty and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid overtime and minimum wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Ji zhuo ZHAO
Full Legal Name (Print)

_____
Signature

09/23/2019
Date

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by TWT 2016 Inc. d/b/a Dim Sum Dynasty and/or related entities and individuals. I consent to be a plaintiff in an action to collect unpaid overtime and minimum wages.  I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*JIAN CHANG LIN*

Full Legal Name (Print)

*Lijchang*

Signature

*10/15/19*

Date